## SMITH, Assignee, *v.* CINCINNATI, H. & D. R. Co.†

*(Circuit Court, S. D. Ohio, W. D. February, 1882.)*

1. BANKRUPTCY—LIMITATION OF ACTIONS BY OR AGAINST ASSIGNEE—SECTION 5057, REV. ST.

Section 5057, Rev. St., providing that no suit between an assignee in bankruptcy and a person claiming an adverse interest, touching property or rights of property transferable to or vested in such assignee, shall be maintainable unless brought within two years from the time the cause of action accrued for or against such assignee, *held* to apply to all judicial contests between the assignee and any person whose interest is adverse to his, except that, in cases of fraud, the statute does not begin to run until the fraud is discovered.

2. ACTION—DISMISSAL FOR WANT OF JURISDICTION DOES NOT REMOVE BAR.

After the expiration of the two years limited by section 5057, an action at law was brought by an assignee in bankruptcy to recover a debt owing his assignor. In reply to a plea of the statute, plaintiff alleged that he brought a suit in equity upon the same cause of action within the two years, which was dismissed on the ground of the existence of an adequate remedy at law, with leave given by the court to sue at law; but no fraud being charged, *held*, that these facts did not take the case out of the bar of the statute.

On Demurrer to Reply.

*Reported by S. Nelson White, Esq., of the New York bar.
†Reported by J. C. Harper, Esq., of the Cincinnati bar.

*Hoadly, Johnson & Colston,* for plaintiff.

*Ramsay, Matthews & Matthews,* for defendant.

SWING, D. J. This is an action at law to recover from the defendant for the breach of an agreement. The petition is somewhat lengthy, but the substance of it is that the defendant entered into an agreement between Foulds and Wright for the erection of a grain house for the reception and shipping of grain over defendant's road; that said grain house was erected, and, by consent of defendant, leased to the Cincinnati Elevator Company, with all the privileges of the contract; and the defendant entered into an agreement in writing with the elevator company by which, among other things, it was provided that the defendant was to deliver to the elevator company all grain arriving over its road, with certain exceptions. And the petition further avers that between the first day of July, 1869, and the first day of November, 1873, there arrived large amounts of grain over the defendant's road which were not delivered to the plaintiff assignor, as stipulated in the contract, and for which plaintiff claims damages. To this declaration the defendant files a plea of the statute of limitations, in which it avers that the plaintiff was appointed assignee in bankruptcy on the twenty-first day of November, 1873, and that the causes of action accrued to him more than two years before the bringing of this action. To this plea the plaintiff replies that on the twentieth day of June, 1874, he filed in the circuit court of the United States his bill in equity against the defendant for the same causes of action, and in which he prayed the same relief; that the defendant made defence to said action that the plaintiff was entitled to sue at law; and the court found that the plaintiff had an adequate remedy at law, and therefore it had no jurisdiction, and dismissed the cause at plaintiff's costs, and leave was given complainant to sue at law upon the causes of action set up in the bill. To this reply the defendant has filed a general demurrer.

Section 5057 of the Revised Statutes provides: "No suit, either at law or in equity, shall be maintainable in any court, between an assignee in bankruptcy and a person claiming an adverse interest, touching any property or rights of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee; and this provision shall not in any case revive a right of action barred at the time when an assignee is appointed." This section was construed by the supreme court of the United States, in *Bailey* v. *Glover,* 21

Wall. 342, to apply to all judicial contests between the assignee and any persons whose interest is adverse to his, embracing all suits at law and in equity; and the only modification made by the court was where the action was intended to obtain redress against fraud concealed by the party, or which from its nature remains secret, the statute did not commence to run until the fraud was discovered. And the same doctrine was announced in the subsequent case of *Gifford* v. *Helms*, 98 U. S. 248. It is not contended that there is anything in this case which brings it within the modification. No fraud is alleged, nor is it even shown that all the facts upon which the cause of action rests were not fully known within the two years. It is said, however, by the learned counsel, that the fact that a suit in equity was begun within the prescribed time, and that the court held that the remedy was at law, and the bill dismissed and leave given the plaintiff to sue at law, takes it out of the operation of the statute. While it is true that this action at law is based upon the same facts as was the suit in equity, there is no connection between them. This is an original action, wholly disconnected from the suit in equity. Its existence does not rest in anywise upon that suit. True, the decree in that case gave the plaintiff leave to sue at law, but that leave cannot in anywise extend the bar, or, rather, revive the action, for the limitation had already expired. I have found no case in which the precise question has been decided, but I am of opinion that the plaintiff's right of action is barred, and the demurrer will, therefore, be sustained.